**PETER G. EIKENBERRY**
75 Maiden Lane, Room 402
New York, New York 10038
CELL: (917) 596 4168
Pete@eikenberrylaw.com

December 6, 2019

The Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                             **Roe V. St. John's and Doe**
                             **19-cv-04694 (PKC-RER)**

Dear Judge Chen:

    I write as attorney for Roe in response to Mr. Zuckerman's November 18 letter.

### 1. St. John's allegations as to Roe's first claim:

> Plaintiff's first [claim] attempts to plead a Title IX "erroneous outcome" claim, contending that the first hearing panel wrongfully convicted him. In such claims, the plaintiff must allege facts which both cast doubt on the outcome of the proceeding, and also that "gender bias was a motivating factor behind the erroneous outcome"…As the amended Complaint is devoid of…allegations of gender bias, Plaintiff's [claim] should be dismissed.

### 1 A. Roe's response (see ¶s 23-27, 29-33*)

In the amended complaint, Roe alleged in part as follows:

31. … St. John's suspended Roe for the fall 2018 semester upon a finding that he "admitted" to sexual misconduct by "engaging in physical conduct of a sexual nature," despite the fact that the only "physical contact of a sexual nature" Roe "admitted" was that Doe "took his right hand and placed it upon her fully clothed breast."

32. Because this action was initiated by Doe, it was a violation by her of the St. John's prohibition against "making another person touch any of these body parts" including touching the "breast." (See also ¶s 23-25 and 30.)

    A plaintiff must first cast doubt on the outcome of the proceeding, the pleading burden for which "is not heavy." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). Next, a plaintiff must show a "causal connection between the flawed outcome and gender bias." *Id.* Roe duly pled St. John's gender bias in "wrongfully convicting" him of physical conduct of a sexual nature. The misconduct he was found by the hearing panel to have committed was a violation of St. John's rules by a female student, defendant Doe – not by Roe, a male student.

---

*Paragraphs referenced herein are found in Roe's amended complaint.

1

The fact that Roe did not commit the relevant conduct casts obvious "doubt on the outcome of the proceeding." The act of convicting a male student for the misconduct of a female student plausibly suggests that "gender bias was a motivating factor behind the erroneous outcome." *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 462 (S.D.N.Y. 2015).

**2. St. John's allegations as to the second claim:**
> Plaintiff must plausibly allege that the University "was deliberately indifferent to sexual harassment, of which it had actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the education opportunities or benefits provided by the school."
>
> \*   \*   \*
>
> Plaintiff does not sufficiently allege that the University was deliberately indifferent to the alleged harassment. Indeed, Plaintiff does not allege… that the University failed to investigate the tweet.
>
> \*   \*   \*
>
> Plaintiff was suspended from all education opportunities because of the reported second sexual assault… Accordingly, the Court should dismiss the second [claim].

**2 A. Roe's response to St. John's allegations as to his second claim:** Roe repeatedly alleged that St. John's failed to investigate the tweet which falsely accused him of being suspended by it for a rape of defendant Doe. (See, *inter alia*, paragraphs 72-79, 84-86.) Mr. Zukerman's claim that "the University investigated the tweet" is unsupported. Rather, St. John's contended that the tweet was "anonymous" and that it could not investigate it. (¶s 70-71.) Since Roe was suspended for alleged misconduct solely committed against Doe, she was the obvious author of the tweet. (See ¶s 49, 71-72.) To have questioned Doe, would have subjected St. John's to criticism from female students. (See, *e.g.*, ¶ 78). Further, St. John's was "deliberately indifferent" in refusing to correct a tweet falsely accusing Roe of being suspended by it for rape. (See, *e.g.*, ¶s 63, 69-72). The tweet had created a hostile environment for Roe to the extent of him being physically abused. (¶s 63-71). St. John's only response was to arbitrarily suspend Roe. (¶s 63, 57-59.)

St. John's contends that Roe was suspended on January 8 pending resolution of a 2nd complaint. However, St. John's January 7 "no contact" letter permitted Roe to remain on campus pending resolution of the 2nd complaint. (See ¶ 56(i) and ¶s 43-59 for sequence.) Roe alleged that the January 8 suspension had a different motivation. The allegation of public pressure supports an inference of gender bias. *See Rolph v. Hobard and William Smith Colleges*, 2017

WL 4174933 (W.D.N.Y. 2017). Thus, Roe is not bound by St. John's supported justification for the January 8th suspension. He alleged as follows:

> 78. ...St. John's did not investigate the tweet...and suspended Roe because it was under enormous pressure to appear to fully support student women in their allegations of sexual misconduct after #SurvivngSJU was created on January 4, 2019...

**3. St. John's improper allegations:**

> "Plaintiff is a *former* St. John's University student *who recently was expelled* after *two* disciplinary hearing panels *found him guilty of separate instances of sexual misconduct....* Plaintiff was suspended from all educational opportunities because of the reported second sexual assault, an entirely separate affair (*after which he was expelled*)." (Emphasis supplied)

**3 A. Roe's explanation of St. John's improper allegations:** Roe alleged he was a student at St. John's, not a "former" student. St. John's did expel Roe after a hearing on the "2nd complaint," yet the hearing postdated the filing of the amended complaint. Mr. Zuckerman did not inform the Court that the hearing panel's finding on the 2nd complaint and St. John's sanction are subject to an administrative appeal by Roe. In his St. John's appeal, Roe alleged improper participation in the disciplinary proceedings by St. John's Director of Student Affairs, Dean Jack Flynn. His earlier conduct in permitting Roe to remain in school on January 7 and then suspending him on January 8 (after over two thousand tweeted complaints by female students against St. John's) is a subject of the amended complaint. (¶s 56-59 and 78.) The St. John's appeals body has questioned Dean Flynn. Once the appeal is determined, Roe may seek this Court's permission to further amend his complaint.

**4. Conclusion:** St. John's has no basis to seek dismissal of Roe's first and second claims. He agrees to withdraw the third claim without prejudice. Roe seeks the approval of this Court to continue to proceed anonymously as St. John's requires of participants in its administrative proceedings. It cites no prejudice to it for Roe so proceeding. See the *Sealed Plaintiff v. Sealed Defendant* decision cited by Mr. Zuckerman.

Respectfully submitted,

PGEikenberry

cc by email
Lyle Zuckerman, Esq.
Michael Valentine, Esq.
cc by text
Ms. Jane Doe