UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Richard Roe,

                 Plaintiff,

        -against-

St. John's University and Jane Doe,

                Defendants.

19-cv-04694

PKC-RER

**JANE DOE'S ANSWER &**
**COUNTERCLAIMS**

Defendant Jane Doe ("Defendant" or "Doe"), by her attorneys, Baker & Hostetler LLP, for her Answer and Counterclaims to the Second Amended ("Complaint") filed by Plaintiff Richard Roe ("Plaintiff"), responds as follows:

**First Claim Against St. John's**
**(Its discriminatory finding that Roe**
**engaged in sexual misconduct**
**in violation of Policy 703 and Title IX)**

**THE PARTIES**

1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     Defendant denies the allegations contained in Paragraph 4 of the Complaint and

avers that she is a student at St. John's University, scheduled to graduate on May 17, 2020, and is domiciled in Athens, New York.

## JURISDICTION & VENUE

5.      Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

6.      Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

7.      Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## THE FACTS

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

**The Incident in Paris**

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint and avers that she was asleep in her room and awoke to Roe on top of her and digitally penetrating her.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint and avers that she was asleep in her room and awoke to Roe on top of her and digitally penetrating her.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint and avers that she told him to "stop" and to leave her room.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint and avers that she told him to leave her room.

**The September 2018 Complaint**
**And St. John's Discriminatory Procedures**

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and avers that she immediately made St. John's aware of Roe's unlawful conduct.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and respectfully refers the Court to the document cited in Paragraph 23 of the Complaint for its full and complete terms, content, and context.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and respectfully refers the Court to the document cited in Paragraph 24 of the Complaint for its full and complete terms, content, and context.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and respectfully refers the Court to the document cited in Paragraph 25 of the Complaint for its full and complete terms, content, and context.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and respectfully refers the Court to the document cited in Paragraph 27 of the Complaint for its full and complete terms,

content, and context.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and respectfully refers the Court to the document cited in Paragraph 28 of the Complaint for its full and complete terms, content, and context.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and respectfully refers the Court to the document cited in Paragraph 30 of the Complaint for its full and complete terms, content, and context.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint and respectfully refers the Court to the document cited in Paragraph 31 of the Complaint for its full and complete terms, content, and context.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint and avers that Doe did not "initiate[] the physical action."

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint and avers that Doe was not "initiator of the act."

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

**Doe's Defamatory Tweet**

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant admits that she "liked" the St. John's Memes account tweet @vincentianteens, otherwise denies the remainder of the allegations contained in Paragraph 40 of the Complaint, and avers that she posted a tweet on January 4, 2019 at 7:29 pm stating: "I should have been writing essays but instead I was writing my final statement #survivingsju."

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and respectfully refers the Court to the document cited in Paragraph 41 of the Complaint for its full and complete terms, content, and context.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and avers that Defendant is aware of other women that have accused Roe of sexual misconduct, one of which may be Mary Smith.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and respectfully refers the Court to the document cited in Paragraph 48 of the Complaint for its full and complete terms, content, and context.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and respectfully refers the Court to the document cited in Paragraph 49 of the Complaint for its full and complete terms, content, and context.

50.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and respectfully refers the

Court to the documents cited in Paragraph 50 of the Complaint for its full and complete terms, content, and context.

51.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and respectfully refers the Court to the document cited in Paragraph 54 of the Complaint for its full and complete terms, content, and context.

55.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and respectfully refers the Court to the document cited in Paragraph 55 of the Complaint for its full and complete terms, content, and context.

56.      Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 56 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

57.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 58 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

59.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 59 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

**Second Claim Against St. John's**
**(Refusal to investigate Roe's complaint of sexual misconduct**
**and its suspension of Roe without the due process**
**in violation of its own Title IX procedures)**

60.     Defendant denies any wrongdoing and repeats and realleges its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and respectfully refers the Court to the document cited in Paragraph 61 of the Complaint for its full and complete terms, content, and context.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and respectfully refers the Court to the document cited in Paragraph 62 of the Complaint for its full and complete terms, content, and context.

63.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 63 of the Complaint and respectfully refers the Court to the document cited in Paragraph 63 of the Complaint for its full and complete terms, content, and context.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and respectfully refers the Court to the document cited in Paragraph 66 of the Complaint for its full and complete terms, content, and context.

67.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and respectfully refers the Court to the document cited in Paragraph 67 of the Complaint for its full and complete terms, content, and context.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies that the tweet was sexual misconduct and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 70 of the Complaint and respectfully refers the Court to the document cited in Paragraph 70 of the Complaint for its full and complete terms, content, and context.

71.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and respectfully refers the Court to the document cited in Paragraph 71 of the Complaint for its full and complete terms, content, and context.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint and respectfully refers the Court to the document cited in Paragraph 72 of the Complaint for its full and complete terms, content, and context.

73.     Defendant denies the truth of the allegations contained in Paragraph 73 of the Complaint and respectfully refers the Court to the document cited in Paragraph 72 of the Complaint for its full and complete terms, content, and context including the statement by St. John's that "the 'tweet' was made anonymously, St. John's University has no evidence whatsoever that [Doe] is the author of the 'tweet…'"

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint and respectfully refers the Court to the document cited in Paragraph 74 of the Complaint for its full and complete terms, content, and context.

75.     Defendant denies any wrongdoing and avers that the allegations contained in

Paragraph 75 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

76.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 76 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

77.     Defendant denies any wrongdoing and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77of the Complaint.

78.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 78 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

79.     Defendant denies any wrongdoing and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 81 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

82.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 82 of the Complaint and respectfully refers the Court to the document cited in Paragraph 82 of the Complaint for its full and complete terms, content, and context.

83. Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 83 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

84. Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 84 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

85. Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 85 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

86. Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 86 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

87. Defendant denies that any tweet posted by her on her personal account was a "false and defamatory tweet in violation of Code of Conduct privacy requirements," and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 90 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

91.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

92.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 92 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

93.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 93 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

**Third Claim Against St. John's**
**(It's failure to afford Roe a fair and unbiased**
**hearing on the second complaint as**
**Required by Policy 703 and Title IX)**

94.     Defendant denies any wrongdoing and repeats and realleges its responses to Paragraphs 1 through 93 above as if fully set forth herein.

95.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

102.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

107.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint.

109.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint.

110.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Complaint.

111.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint and respectfully refers the Court to the document cited in Paragraph 111 of the Complaint for its full and complete terms, content, and context.

112.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and respectfully refers the Court to the document cited in Paragraph 112 of the Complaint for its full and complete terms, content, and context.

113.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Complaint and respectfully refers the

Court to the document cited in Paragraph 113 of the Complaint for its full and complete terms, content, and context.

114.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

115.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint.

116.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint.

119.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Complaint and respectfully refers the Court to the document cited in Paragraph 119 of the Complaint for its full and complete terms, content, and context.

120.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint and respectfully refers the Court to the document cited in Paragraph 120 of the Complaint for its full and complete terms, content, and context.

121.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint and respectfully refers the Court to the document cited in Paragraph 121 of the Complaint for its full and complete terms, content, and context.

122.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint and respectfully refers the Court to the document cited in Paragraph 122 of the Complaint for its full and complete terms, content, and context.

123.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint and respectfully refers the Court to the document cited in Paragraph 123 of the Complaint for its full and complete terms, content, and context.

124.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint and respectfully refers the Court to the document cited in Paragraph 124 of the Complaint for its full and complete terms, content, and context.

125.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint and respectfully refers the Court to the document cited in Paragraph 125 of the Complaint for its full and complete terms, content, and context.

126.     Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 126 of the Complaint and respectfully refers the Court to the document cited in Paragraph 126 of the Complaint for its full and complete terms, content, and context.

127.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint and respectfully refers the Court to the document cited in Paragraph 127 of the Complaint for its full and complete terms, content, and context.

128.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint.

129.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 129 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

130.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 130 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

131.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

132.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 132 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

133.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 133 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

134.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 134 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

135.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 135 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

136.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 136 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

**Fourth Claim**
**(Against St. John's for Breach of Contract)**

137.     Defendant denies any wrongdoing and repeats and realleges its responses to Paragraphs 1 through 136 above as if fully set forth herein.

138.     Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 138 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

139.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint and respectfully refers the

Court to the document cited in Paragraph 139 of the Complaint for its full and complete terms, content, and context.

140.    Defendant denies that she "placed his hand on her fully clothed breasts,", avers that the allegations contained in Paragraph 140 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies), and avers that all of Roe's sexual conduct towards Defendant was non-consensual.

141.    Defendant denies that she "physically initiated and implemented this conduct," avers that Roe acted without Doe's consent, and otherwise avers that the allegations contained in Paragraph 141 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

142.    Defendant denies that she placed Roe's hand on her breast, denies any wrongdoing, and avers that the allegations contained in Paragraph 142 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

143.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 143 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

144.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 144 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

145.    Defendant denies any wrongdoing and avers that the allegations contained in

Paragraph 145 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

146.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 146 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

147.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 147 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

148.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 148 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

149.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 149 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

**Fifth Claim Against Defendant Jane Doe**
**(Defamation)**

150.    Defendant denies any wrongdoing and repeats and realleges its responses to Paragraphs 1 through 149 above as if fully set forth herein.

151.    Defendant denies the allegations contained in Paragraph 151 of the Complaint and avers that her allegations against Roe were truthful.

152.    Defendant denies any wrongdoing and avers that the allegations contained in

Paragraph 152 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies), and avers that Roe's own wrongful actions have damaged his employment prospects.

153.    Defendant denies any wrongdoing and avers that the allegations contained in Paragraph 153 constitute legal conclusions to which no response is required (to the extent a response is required, Defendant denies).

## AFFIRMATIVE DEFENSES

154.    Defendant Doe sets forth below her affirmative defenses.  Each affirmative defense is asserted as to all causes of action against her.  By setting forth these defenses, Doe does not assume the burden of proving any fact, issue or element of a claim where such burden properly lies with the Plaintiff.  Doe also reserves the right to allege additional defenses as they become known or as they develop during discovery or throughout the course of this litigation.

### First Affirmative Defense
### (Failure to state a claim)

155.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Lack of standing)

156.    Plaintiff lacks standing to bring this action.

### Third Affirmative Defense
### (Truth)

157.    All alleged defamatory statements made by Doe are true or substantially true (and

thus treated as true).

### Fourth Affirmative Defense
### (Opinion)

158.    All alleged defamatory statements made by Doe that are not true or substantially

true are protected as opinion.

### Fifth Affirmative Defense
### (Lack of actual malice, gross irresponsibility or negligence)

159.    Defendant Doe did not act with actual malice, gross irresponsibility or negligence.

### Sixth Affirmative Defense
### (Consent)

160.    Plaintiff expressly or impliedly consented to the statements that he challenges as

defamatory.

### Seventh Affirmative Defense
### (Common Interest Privilege)

161.    Plaintiff's claim for defamation against Defendant Doe is barred in whole or in

part under the common interest privilege because she provided the commentary to others who

share a common interest in knowing the information.

### Eighth Affirmative Defense
### (Freedom of Speech Privilege)

162.    Plaintiff's claim for defamation against Defendant Doe is barred in whole or in

part as privileged under the First and Fourteenth Amendments to the Constitution of the United

States and under Article I, Section 8 of the New York State Constitution.

### Ninth Affirmative Defense
### (Incremental Harm)

163.     Plaintiff's claim for defamation against Defendant Doe is barred in whole or in part because any defamatory statement by Defendant Doe imposes no incremental harm to Plaintiff from other previous public statements made and published about Plaintiff.

### Tenth Affirmative Defense
### (Failure to mitigate)

164.     Any damages Plaintiff allegedly incurred are the result of Plaintiff's own actions and failures.

### Eleventh Affirmative Defense
### (Statute of limitations)

165.     Plaintiff's claims are barred by the applicable statute of limitations.

### Twelfth Affirmative Defense
### (Contribution)

166.     Plaintiff's claims are barred and/or reduced, in whole or in part, by his own wrongful conduct.

### Thirteenth Affirmative Defense
### (Right to add additional defenses)

167.     Defendant reserves the right to assert any additional defenses which might come to her attention or might develop during the pendency of this action.

### DEFENDANT'S COUNTERCLAIMS

168.     Defendant repeats and realleges her responses to the allegations contained in the Complaint and hereby asserts the following three counterclaims against Plaintiff for intentional infliction of emotional distress, negligent infliction of emotional distress, and prima facie tort.

# FACTS

169.     Defendant Doe is a 21-year-old student at St. John's University scheduled to graduate on May 17, 2020, with a major in Communication Arts and a minor in International Studies.  Doe has been a diligent student throughout her tenure at St. John's and was the recipient of the St. Vincent De Paul scholarship for all 4 years of her study.

170.     Doe has also been an active member of the St. John's University community. She volunteered in mentorship and ministry programs, worked on campus, and also studied abroad.

171.     Doe has also held multiple internships in the non-profit sector throughout her junior and senior years and plans to continue her work in the non-profit sector after graduation.

172.     During her tenure at St. John's University, Doe was also a member of a sorority. Her sorority sisters would later become a strong support system for her as she healed from Roe's sexual assault in April 2018, as discussed in more detail below.  Indeed, as Doe found her strength and resolve she spoke out against sexual assault generally and actively supported victims of sexual assault.

A.     *The Paris Incident Where Roe Sexually Assaulted Doe*

173.     Doe was excited and honored to have been selected to join the St. John's "Discover the World" Study Abroad Program in 2018.  Through that program, she studied in Italy, Ireland, and France.  It was in Paris, France that her life was forever changed by Roe.

174.     Doe arrived in Paris, France on April 5, 2018 as part of the St. John's study abroad program.

175.     Doe and Roe were both assigned to the St. John's University Paris Campus (the

"Paris Campus") located at 93 Rue de Sèvres, 75007 Paris, France.

176.    Doe knew of Roe and had seen him on campus in passing but had not spent extensive time with him—they were not friends or even acquaintances.

177.    On April 12, 2018, Doe decided to go out to a club in Paris, Le Duplex, with some friends who were fellow St. John's students.

178.    Doe and her friends walked to the train station and took the train to Le Duplex around 11:40 pm on April 12, 2018.

179.    After Doe arrived at Le Duplex, Roe also arrived at the same club, but with a different group of St. John's students and friends.

180.    While at the club, Doe was dancing with her friends when Roe pulled Doe over to dance with him and then he kissed her.

181.    Doe did not want to kiss Roe and was uncomfortable with the situation.

182.    Doe immediately signaled her discomfort to her friend who came over and pulled Doe away from Roe and they rushed to the bathroom together to get away from Roe.

183.    Doe and her friend decided to leave Le Duplex after that.  Doe's friend went to get their jackets and Doe arranged for transportation back to the campus.

184.    Roe approached Doe, again, while she was waiting for her friend and tried to kiss Doe again.

185.    Doe did not allow Roe to kiss her.

186.    Roe then asked Doe why she walked away from him on the dance floor earlier. Doe did not respond.

187.    Doe and her friend then left Le Duplex in an Uber at or around 2:30am on April 13, 2018.

188.    Doe and her friend returned to the campus and went straight to Doe's room. Doe's friend left the room and Doe fell asleep on the bottom bunkbed.  Doe's roommate was also in the room and was watching a movie on her computer on the top bed bunk.

189.    At some point after Doe fell asleep, Roe entered Doe's dorm room while Doe was still sleeping (and her roommate was watching a movie with headphones from the top bunk) and climbed into Doe's bed.

190.    Roe then proceeded to sexually assault Doe while she was asleep and unconscious.

191.    Doe awoke to Roe on top of her in bed.  Doe's pants had been pulled down and Roe was digitally penetrating her vagina.

192.    At no point did Doe give Roe permission or consent to enter her room, enter her bed, pull her pants down, or digitally penetrate her.

193.    When Doe woke up to Roe digitally penetrating her, she was frozen in shock and initially could not speak or scream.

194.    Roe then tried to kiss Doe and Doe managed to turn herself over and told Roe to stop.

195.    Doe then felt Roe begin to masturbate against her back.

196.    Doe again told Roe to stop and to leave her room.  Roe then got up and left Doe's room.

197.    As soon as Roe left, Doe got out of bed and showed her roommate her disheveled clothing and dropped pants and told her roommate that Roe had just sexually assaulted her while she was asleep and that she had just kicked him out.

**B.      *Doe Immediately Reports Assault to the Authorities and Seeks Protection from numerous St. John's Staff and Local Police***

198.    Doe and her roommate immediately alerted St. John's University to Roe's entrance into her room while she was asleep and his sexual assault upon her.

199.    Doe also spoke with the Paris Campus security guard, the Residence Assistant, the Residence Director, and the Paris Campus administrators.

200.    Each time Doe re-told her story to each of these individuals—she consistently reported the same experience:  Roe entered her room without her permission and she awoke to him sexually assaulting her.

201.    In response to Doe's repeated complaints, St. John's placed a "no-speaking," no-contact order in place between Roe and Doe on April 13, 2018.

202.    Thereafter, Doe still encountered Roe on her dorm floor and sought additional protections from Roe.

203.    On April 16, 2018, an additional restriction was put into the no-contact order declaring that neither Roe nor Doe were permitted on each other's dorm floors on the Paris

Campus.

204.    Despite these restrictions, Doe would still encounter Roe at the Paris Campus.

205.    Doe then spoke with Ms. Jackie Lochrey at St. John's University seeking additional protections from Roe.

206.    Doe also reported the sexual assault to the Paris police on April 16, 2018 in the 14th Arrondisement Mall.  Again, Doe's recounting of the incident remained the same: Roe came into her dorm room without permission and sexually assaulted her while she was asleep.

207.    Roe was arrested and held by the Paris police as a result of Doe's report of the sexual assault.

208.    Doe had a rape kit done five days after the incident and the results were inconclusive.

209.    The Paris police dismissed the case due to the contradictory stories that they received from Doe and Roe.

210.    Roe was eventually removed from the Paris Campus by St. John's University but permitted to continue studying abroad.  Roe was not restricted from travel while abroad with the program.

**C.    *Roe Persists in a Pattern of Distressing Conduct Towards Doe***

211.    Roe repeatedly ran into Doe on the Paris Campus and at social outings with friends during their time abroad and subsequently upon their return to the United States in May 2018.

212.    Despite the no-contact order in place while they were studying abroad, Roe continued to attend the same classes and went so far as to taunt Doe during their time away from the classroom.  It wasn't just the fact of his presence that made Doe uncomfortable, but Roe actively and intentionally spread false and malicious stories and rumors about Doe to poison all of the fellow students on their study abroad program against Doe, and it worked.

213.    Doe was constantly taunted, yelled at, and emotionally abused by the other students who mistreated her and accused her of lying about Roe.  Doe, already a victim of sexual assault, and away from her family, friends and all means of emotional support, was now being emotionally abused by her fellow students at Roe's urging.

214.    This continued when Doe returned to the United States—despite the fact that Roe was suspended from St. John's University upon his return to the United States.  Roe constantly showed up to places and attended events where Doe was present in order to further intimidate and distress her.  Some specific examples include:

      a.    On March 18, 2019, Roe showed up to an off-campus party at Pi Lambda Phi Fraternity house where Doe was present.

      b.    On March 23, 2019, Roe showed up to an off-campus party at Pi Lambda Phi Fraternity house where Doe was present.

      c.    On April 3, 2019, Roe showed up to an on-campus Greek Week basketball game where Doe was present.

      d.    On April 14, 2019, Roe showed up near Doe by gate 6 on campus.

e.      On April 24, 2019, Roe sat directly across from Doe on the F Train towards Manhattan.

f.      On May 4, 2019, Roe showed up to College Day at Derby at Belmont where Doe was present.

215.    Doe continued to report Roe's presence to St. John's Public Safety but that did not change the fact that each time Doe was subjected to facing Roe, she was forced to relive the trauma of the sexual assault and his emotional taunting and abuse.

**D.      *The St. John's Hearing***

216.    Doe returned to New York at the conclusion of the study abroad program on May 11, 2018.

217.    St. John's University held a disciplinary hearing on October 3, 2018 to address the sexual assault.

218.    On October 16, 2018, Doe was notified that Roe was suspended from St. John's University.

219.    Doe was notified that Roe had appealed the University's suspension.

220.    Doe was notified that the University denied Roe's appeal.

**E.      *Tweets About Roe***

221.    On January 4, 2019, a tweet was published from an unknown Twitter account, St. John's Memes @vincentianmemes, regarding Roe with the hashtag "#survivingSJU."

222.    Doe "liked" the @vincentianmemes tweet.

223.     On January 4, 2019 at 7:29 pm Doe posted a tweet from her own Twitter account: "I should have been writing essays but instead I was writing my final statement #survivingsju."

224.     This tweet is an extension of the advocacy done by Doe against sexual assault. After Doe was sexually assaulted by Roe and continued to suffer distress as a result of his intimidating actions designed to remind her of his violation, she took it upon herself to speak out against sexual assaults and to be a voice and support for victims.

225.     Through speaking out, Doe learned that a large percentage of her sorority sisters had also experienced sexual assault and she sought to raise awareness and protect other victims.

226.     Doe continues to use her voice to advocate for victims of sexual assault by speaking out about her own experience in order to help others going through similar traumas.

### F.     *The Paris Incident and its Aftermath Have Severely and Negatively Affected Doe's Mental Health and Well-Being*

227.     Roe's sexual assault and continuous campaign to harass, discredit and distress Doe has caused Doe significant and severe impact to her health.

228.     Since returning from Paris, Doe has regularly seen a therapist and enrolled in counseling in order to manage the emotional distress that resulted from Roe's sexual assault and campaign of intimidation and harassment towards Doe.

229.     Doe has suffered tremendously as a result of Roe's sexual assault and his campaign of intimidation and harassment against her.

230.     Doe went to the St. John's Counseling Center 22 times after returning to New York in May 2018.

231.     Roe's sexual assault had a daily negative emotional impact on Doe.  Doe was affected to the point that she missed school and work, and eventually had to drop classes.

232.     Doe has been diagnosed with Post-Traumatic Stress Disorder ("PTSD").

233.     From May 12, 2019 until May 23, 2019, Doe was hospitalized as a result of a suicide attempt due to a PTSD trigger directly related to Roe.

234.     In December 2019, Doe was again hospitalized as a result of a suicide attempt due to a PTSD trigger and stressors brought on as a result of Roe as well as the filing this lawsuit against Doe.

235.     Doe has suffered greatly at the hands of Roe and this lawsuit against her is just salt on her emotional wounds.

## FIRST COUNTERCLAIM

### Intentional Infliction of Emotional Distress

236.     Defendant Doe repeats and realleges the allegations contained in the preceding paragraphs 168-235, as if fully set forth here.

237.     Roe sexually assaulted and sexually touched Doe intentionally and/or recklessly. That said assault and touching was extreme and outrageous, and beyond all possible bounds of decency and utterly intolerable in a civilized community.

238.     Roe repeatedly attended both off-campus and on-campus events where he knew Doe was after the assault.  By showing up, Roe intentionally and/or recklessly continued to cause Doe emotional distress by reminding her of the events of his sexual assault and sexual touching.

239.     As a direct and proximate result of the wrongful acts complained of herein, Doe suffered injuries and damages, including but not limited to: physical, psychological, and severe emotional injury and distress; past and future degradation and mental anguish; suffering and embarrassment; and loss of and damage to reputation.

240.     As a direct and proximate result of the Roe's intentional and/or reckless acts, Doe has been diagnosed with PTSD, had to undergo counseling, and has severe and lasting emotional injury and distress.

241.     As a direct and proximate result of Roe's intentional and/or reckless acts, Doe has been damaged in an amount to be determined at trial.

## SECOND COUNTERCLAIM

### Negligent Infliction of Emotional Distress

242.     Defendant Doe repeats and realleges the allegations contained in the preceding paragraphs 168-241, as if fully set forth here.

243.     On or about April 13, 2018, Roe engaged in extreme and outrageous conduct by sexually assaulting Doe.

244.     The conduct was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

245.     The actions of Roe were the direct cause of Doe's distress and injuries.

246.     As a result of the extreme and outrageous conduct, Doe will, with a high degree of likelihood, continue to be distressed.

247.     As a direct and proximate result of the wrongful acts complained of herein, Doe suffered injuries and damages, including, but not limited to: physical, psychological, and severe emotional injury and distress; past and future degradation and mental anguish; suffering and embarrassment; loss of and damage to reputation, without any negligence on the part of Doe contributing thereto.

248.     As a direct and proximate result of Roe's negligence, carelessness, and/or recklessness, Doe has suffered educational and occupational injury in the form of missed university classes, missed coursework, and missed work in order to manage the severe mental anguish she suffered at the hands of Roe.

249.     As a direct and proximate result of Roe's negligence, carelessness, and/or recklessness, Doe has been damaged in an amount to be determined at trial.

250.     Doe has been damaged by Plaintiff's negligent infliction of emotional distress and is entitled to damages, as a result of Plaintiff's actions, in an amount to be determined at trial.

## THIRD COUNTERCLAIM

### Prima Facie Tort

251.     Defendant Doe repeats and realleges the allegations contained in the preceding paragraphs 168-250, as if fully set forth here.

252.     Roe sexually assaulted Doe intentionally inflicting harm to her mental health and physical safety.

253.     Roe's actions caused special damages, including quantifiable damages associated with medical treatments and care as discussed above.

254.    Roe's actions were done without excuse or justification.

255.    Roe continued to subject Doe to harm by regularly appearing in public places where he knew Doe would be present.  As alleged above, throughout March and April 2019, Roe showed up to both off-campus and on-campus events where he knew Doe would be.  By showing up, Roe intentionally sought to intimidate Doe and continued to cause Doe emotional distress by an act or series of acts that would otherwise be lawful.

256.    Doe has been damaged by Plaintiff's actions and is entitled to damages, as a result of Plaintiff's actions, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Doe respectfully requests that this Court dismiss the Plaintiff's Complaint in its entirety and with prejudice, and that it enter a judgment in favor of Defendant Doe and against Plaintiff as follows:

(a) On the First Counterclaim, enter judgment against Plaintiff in an amount to be determined at trial for damages for intentional infliction of emotional distress resulting from Plaintiff's actions, plus interest and attorneys' fees and costs, in an amount to be determined at trial;

(b) On the Second Counterclaim, enter judgment against Plaintiff in an amount to be determined at trial for damages for negligent infliction of emotional distress resulting from Plaintiff's actions, plus interest and attorneys' fees and costs, in an amount to be determined at trial;

(c) On the Third Counterclaim, enter judgment against Plaintiff in an amount to be determined at trial for damages for prima facie tort resulting from Plaintiff's actions, plus

interest and attorneys' fees and costs, in an amount to be determined at trial;

(d) Award Defendant all costs and fees, including attorneys' fees, associated with this action; and

(e) Award Defendant such other and/or further relief as this Court may deem just and proper.

Dated:  May 7, 2020
      New York, New York

BAKER & HOSTETLER LLP


BY:  */s/ Melissa M. Carvalho*
     Melissa M. Carvalho, Esq.
     Chardaie Charlemagne, Esq.
     45 Rockefeller Plaza
     New York, New York 10111
     Tel.: (212) 589-4200
     Fax: (212) 589-4201

*Attorneys for Defendant Jane Doe*