**PETER G. EIKENBERRY**
75 Maiden Lane, Suite 402
New York, New York 10038
CELL: (917) 596 4168

July 3, 2020

**Via ECF and Fax**
The Honorable Pamela K. Chen
Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Roe v. St John's University & Jane Doe**
**(19-cv-04694)**

Dear Judge Chen:

      I write as attorney for Richard Roe in reply to Mr. Zuckerman's letter of July 1 (the "July1 letter.") In paragraph four of the July 1 letter, Mr. Zuckerman once again seeks to mislead the Court. On page 3 of its memorandum of law in support of its motion to dismiss, St. John's stated as follows:

> The first of plaintiff's two violations of Student Code of Conduct occurred on April 13, 2018, when he and co-defendant "Jane Doe" ("Doe") where studying abroad. Specifically, Doe reported that xxxxxxxxxx ("Doe's lurid allegations.")

      Doe's lurid allegations are, indeed, a *verbatim* recitation of allegations made by Doe, yet they were not allegations found by the faculty board to be a "violation of Student Code of Conduct" as alleged in St. John's memorandum. Rather, Doe made the lurid allegations to a St. John's investigator who recorded them in his investigator's report (the "investigator's report") and then, completely inappropriately, St. John's offered them in support of its 12 (b)(6) motion to dismiss Roe's complaint. [The investigator's report also reflects interviews of eleven witnesses, many of them discrediting allegations by Doe. The investigator found the evidence inconclusive.] [Neither Roe nor counsel were permitted copies of the investigators' reports.]

We do not dispute that these were Doe's allegations. Rather, St. John's sanctionable conduct is the false and misleading implication in the quoted portion of its memorandum that Doe's lurid allegations were accepted by the faculty board hearing charges against Roe and formed the basis for a finding of violation by them of St. John's Student Code of Conduct. In fact, the finding of misconduct was not based on any allegation by Doe. The only conduct which the faculty board found to be a violation of the Student Code of Conduct was conduct admitted by Roe, that– Doe placed his hand on her fully clothed breasts. See paragraphs 27-31 of the Second Amended Complaint.

St. John's also argues the Court should deny Roe's request to move to strike the exhibits attached to the motion to dismiss from consideration, concluding, without explanation, that Roe relied upon the exhibits in drafting the complaint. Yet, see, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) where the court held that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." See also, *Doe v. St. Lawrence College*, --F. Supp. 3d--, 2020 WL 1819914, at *6 (S.D.N.Y. April 10, 2020) where the court faced a remarkably similar question. The plaintiff had sued his university for gender discrimination under Title IX after he was expelled as a result of a sexual assault claim. The university attached (1) the student handbook, (2) the final investigatory report, (3) the Hearing Panel's determination letters, and (4) emails relevant to the motion to dismiss.

The court struck the exhibits because "while such exhibits may be helpful at trial on the merits of Plaintiff's allegations, it cannot be said, at this juncture, that such exhibits are integral to the complaint." *Id.* Similarly, St. John's attached its Student Code of Conduct, personal and confidential letters and emails, and investigators' reports. The reports are replete with purported hearsay statements from unidentified witnesses, which are not considered at the pleading stage. *See Karol v. City of New York*, 396 F. Supp. 3d 209, 318 (S.D.N.Y. 2019) ("Evidence attached by the defendants [as exhibits to the motion to dismiss] is plainly hearsay and is not proper for consideration on a motion to dismiss.").

Accordingly, a full briefing is required to determine whether the Court may permissibly consider any of the 20 exhibits St. John's attached to a motion to dismiss.

Respectfully submitted,
/s/ Peter G. Eikenberry
PGEikenberry