UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Roe,<br><br>       Plaintiff,<br><br> -against-<br><br>St. John's University and Jane Doe,<br><br>       Defendants. | 19-cv-04694<br><br>PKC-RER |

**DEFENDANT JANE DOE'S REPLY MEMORANDUM OF LAW TO ADDRESS THE ISSUES OF PLAINTIFF'S USE OF A PSEUDONYM IN THIS CASE AND LACK OF JURISDICTION SHOULD ST. JOHN'S UNIVERSITY'S MOTION TO DISMISS BE GRANTED**

**BAKER HOSTETLER LLP**

Melissa M. Carvalho, Esq.
Chardaie C. Charlemagne, Esq.
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: 212.589.4201

*Attorneys for Defendant Jane Doe*

**TABLE OF CONTENTS**

**ARGUMENT** ................................................................................................................................. 1

**I.     PLAINTIFF CONCEDES LACK OF JURISDICTION OVER DOE IF ST. JOHN'S UNIVERSITY'S MOTION TO DISMISS IS GRANTED** .......................... 2

**II.    PLAINTIFF SHOULD AMEND THE CAPTION AND PROCEED UNDER HIS LEGAL NAME** ................................................................................................................ 3

    **A.     Factors 1 and 2 Weigh Against Plaintiff's Continued Anonymity** ................... 4

    **B.     Factors 3-10 Also Weigh Against Plaintiff's Continued Anonymity** ............... 5

**CONCLUSION** ........................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.B. v. C.D.*,
  No. 2:17-cv-5840 (DRH) (AYS), 2018 WL 1935999 (E.D.N.Y. Apr. 24,
  2018) ........................................................................................................................4, 6, 7, 8

*A.B. v. Hofstra Univ.*,
  No. 217CV5562 (DRH) (AYS), 2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018) .......................8

*Doe v. Delta Airlines, Inc.*,
  310 F.R.D. 222 (S.D.N.Y. 2015) ............................................................................................7

*Doe v. Skyline Automobiles Inc.*,
  375 F. Supp. 3d 401 (S.D.N.Y. 2019).................................................................................7, 8

*Doe v. Solera Capital LLC*,
  No. 18 Civ. 1769 (ER), 2019 WL 1437520 (S.D.N.Y. Mar. 31, 2019),
  *reconsideration denied*, 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019) ...................................9

*Doe v. Townes*,
  No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159 (S.D.N.Y. May 12, 2020)................4, 5, 8

*Doe v. Zinsou*,
  No. 19 Civ. 7025 (ER), 2019 WL 3564582 (S.D.N.Y. Aug. 6, 2019) .....................................6

*Parker v. Della Rocco*,
  252 F.3d 663 (2d Cir. 2001)....................................................................................................2

*Sealed Plaintiff v. Sealed Defendant #1*,
  537 F.3d 185 (2d Cir. 2008).................................................................................................3, 4

*United States v. UCB, Inc.*,
  No. 14-CV-2218 (TPG), 2017 WL 838198 (S.D.N.Y. Mar. 3, 2017).....................................6

*Valencia v. Lee*,
  316 F.3d 299 (2d Cir. 2003)....................................................................................................3

**Statutes**

28 U.S.C. § 1332................................................................................................................................2

## ARGUMENT

From the moment Plaintiff left Doe's dorm room after he sexually assaulted her, *everyone* knew Plaintiff's identity. Doe did not keep his identity confidential and neither did Roe. Doe reported the assault to her roommate, the Parisian police, St. John's University, campus administrators, resident advisors and campus security. When she returned home from the St. John's University Study Abroad program, her allegations were investigated and addressed by administration at St. John's. Every step of the way Plaintiff has intimidated and harassed Doe. He labeled her a "liar" and a "slut" and continues to do so in his filings. Suddenly now Plaintiff seeks to pursue this action under a pseudonym in violation of the Federal Rules of Civil Procedure and Second Circuit case law.

Plaintiff should proceed under his legal name. Plaintiff chose to hire a lawyer. Plaintiff chose to sue St. John's University and Doe in this Court. Doe did not choose to have her wounds re-opened and to be dragged into Court by her attacker seeking to use her, again, for his own self interests. Plaintiff wants to return to school at all costs—that is clear. But this cannot be done at Doe's expense. Doe must be allowed to fully defend herself in this case without restrictions. Doe supports St. John's University's motion on the issue of requiring Plaintiff to proceed in this action under his legal name.

Should St. John's University's motion to dismiss be granted in its entirety, Plaintiff has conceded that there will be no jurisdiction over Doe. This Court's supplemental jurisdiction over Doe is directly tied to the Title IX claims against St. John's. The defamation claim that Plaintiff asserts against Doe does not implicate a federal question. There is also no diversity between the Plaintiff and Doe and none of the factors supporting a court's discretionary supplemental

jurisdiction are applicable in this case. If St. John's motion is granted in its entirety, this Court should discontinue this action for lack of supplemental jurisdiction over Defendant Doe.

I. **PLAINTIFF CONCEDES LACK OF JURISDICTION OVER DOE IF ST. JOHN'S UNIVERSITY'S MOTION TO DISMISS IS GRANTED**

Having presented no opposition to Doe's jurisdictional argument, Plaintiff concedes that if St. John's University is dismissed from this action, this Court will lack subject matter jurisdiction over the remaining defamation claim that Plaintiff asserts against Defendant Doe because the claim does not implicate a federal question and there is no diversity between the parties pursuant to 28 U.S.C. § 1332.

The Court's current supplemental jurisdiction over Doe is directly tied to the Title IX claims against St. John's. If the Title IX claims against St. John's are dismissed, this court will no longer have jurisdiction over the claim against Doe.

Absent federal question jurisdiction or supplemental jurisdiction, federal district courts have subject matter jurisdiction over claims where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Both Roe and Doe are domiciled in New York so there is no diversity of citizenship. (Amend. Compl. at ¶ 1; Counterclaims at ¶ 4).

The Court has the discretion to exercise supplemental jurisdiction, *Parker v. Della Rocco*, 252 F.3d 663, 665–68 (2d Cir. 2001), however, when considering: (1) whether state law claims implicate the doctrine of preemption; (2) whether judicial economy, convenience, fairness, and comity dictate that the case should remain in federal court; (3) the existence of "novel or unresolved questions of state law;" and (4) whether state law claims "concern the state's interest in the administration of its government," *Valencia v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003), this case would not be one necessitating such discretion.

Roe (a private party) brings a state law claim of defamation against Doe (a private party). There is no state governmental interest involved. A defamation claim is not novel, nor does it involve an unresolved question of state law. The New York state courts are well-suited to handle the adjudication of this claim.

The case is also still at the very early pleading stages so judicial economy and convenience should not be determinative. Convenience and fairness would also not be applicable here as both parties reside in the State of New York and can litigate their dispute in New York's state court.

None of the four factors supporting a court's discretionary supplemental jurisdiction are applicable in this case. Therefore, if the Court dismisses the Title IX claims against St. John's—the claims providing for the court's original jurisdiction over this case—then the court must dismiss the claim against Doe for lack of subject matter jurisdiction.

## II.   PLAINTIFF SHOULD AMEND THE CAPTION AND PROCEED UNDER HIS LEGAL NAME

Plaintiff only argues that the Second Circuit's *Sealed Plaintiff* Factors 1 and 2, alone, are determinative and require Plaintiff's continued anonymity in this case. However, the Second Circuit, in *Sealed Plaintiff*, set forth *ten* "non-exhaustive" factors that courts should consider when a party requests to proceed in an action under a pseudonym. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189–90 (2d Cir. 2008). In this case, all *ten* factors weigh against Roe's anonymity. Indeed, by relying solely on Factors 1 and 2 in support of his argument for anonymity, Plaintiff concedes that the remaining eight *Sealed Plaintiff* factors do not support his claim for anonymity.

3

### A. Factors 1 and 2 Weigh Against Plaintiff's Continued Anonymity

Plaintiff argues that *Sealed Plaintiff* Factor 1 and Factor 2 support his anonymity in this case. Factor 1 considers "[w]hether the litigation involves matters that are highly sensitive and of a personal nature." *Sealed Plaintiff*, 537 F.3d at 189-190 (internal citations omitted). Factor 2 considers "[w]hether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties." *Id*.

Plaintiff concludes that these two factors alone weigh in favor of Plaintiff proceeding in this action anonymously because the Anonymous Tweet resulted in Roe being "subjected to violent threats and experienced physical attacks upon the posting of the Tweet." (Roe's Memorandum of Law in Opposition, p. 23). But this argument does not meet the requirements of the *Sealed Plaintiff* factors.

First, "[a] risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) **from defendant(s)**." *Doe v. Townes*, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) (citations omitted) (emphasis added). Plaintiff does not allege retaliation <u>by the Defendants</u>.

Second, Plaintiff admits that the Anonymous Tweet included his name as well as a photograph of him. (Second Amended Compl. at ¶ 39 and Exhibit 2). He has already been identified in the tweet. Where a plaintiff has alleged that he has already suffered from alleged defamation, further identification of that plaintiff in a legal action is unlikely to cause mental harm that has not already been caused by events that preceded the action. *See A.B. v. C.D.*, No. 2:17-cv-5840 (DRH) (AYS), 2018 WL 1935999, at *2 (E.D.N.Y. Apr. 24, 2018).

Lastly, Doe and Mary Smith are both aware of Plaintiff's identity. St. John's University is also aware of Plaintiff's identity. In fact, Doe's roommate, the Paris Campus security guard,

4

the Residence Assistant, the Residence Director, the Paris Campus administrator, St. John's University administrators, the Parisian Police, all of the students participating in the Study Abroad Program, all participants involved in the University's investigations, and everyone that Roe, Doe and Mary Smith spoke to about the sexual assaults, are aware of Roe's identity.  **The only time Plaintiff's identity has been kept confidential is in this lawsuit**.  Indeed, a defendant's prior knowledge of a plaintiff's identity weighs *against* a finding of retaliatory physical or mental harm and "[e]vidence of embarrassment, social stigmatization, and economic harm are insufficient to proceed anonymously."  *Townes*, 2020 WL 2395159, at *4 (citations omitted).

Plaintiff Roe must not be allowed to now hide behind the "personal nature" of his very public allegations that he chose to assert against Doe and others in this federal lawsuit.  Roe's identity is already known to the defendants in this matter and Roe cannot demonstrate any risks of retaliatory physical or mental harm by the defendants.  Roe has already alleged that he has suffered from alleged defamation making further identification of Roe unlikely to cause him harm.

### B. Factors 3-10 Also Weigh Against Plaintiff's Continued Anonymity

As detailed in Doe's Memorandum of Law in Support of Defendant St. John's University's Motion to Dismiss the Amended Complaint to Address the Issues of Plaintiff's Use of a Pseudonym in this Case and Lack of Jurisdiction Should St. John's University's Motion to Dismiss be Granted, dated June 29, 2020, the additional 8 factors set forth by the Second Circuit have been entirely ignored by Plaintiff but weigh against Plaintiff's continued anonymity in this case.

- **Factor 3: Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity**

This factor only supports the use of a pseudonym where the need for anonymity is based on something more than "attenuated and speculative risks of harm." *United States v. UCB, Inc.*, No. 14-CV-2218 (TPG), 2017 WL 838198, at *4 (S.D.N.Y. Mar. 3, 2017). For the reasons previously discussed in the first and second factors above, there is little risk of other harms or of incurring the injury litigated against.

- **Factor 4: Whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age**

The fourth factor also weighs against Plaintiff as he is an adult that has chosen to pursue this action against his former university and sexual assault victim. *See A.B.*, 2018 WL 1935999, at *3.

- **Factor 5: Whether the suit is challenging the actions of the government or that of private parties**

This suit is brought by a private party (Plaintiff Roe) against two private parties (Defendants St. John's University and Doe). No governmental actions are being challenged.

- **Factor 6: Whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court**

"Fundamental principles of fairness suggest that when a case involves potentially damaging allegations, plaintiffs who publicly accuse defendants of misconduct in civil suits should sue under their real names." *Doe v. Zinsou*, No. 19 Civ. 7025 (ER), 2019 WL 3564582, at *7 (S.D.N.Y. Aug. 6, 2019). Roe's anonymity will hamper Doe's ability to defend against

Roe's defamation allegation, particularly with respect to her truth defense and challenging Roe's credibility.  *See Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019).

"Plaintiff's anonymity would make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Id*. at 407.  Indeed, "allowing [Roe] to remain anonymous at trial would shield [him] from accountability before the jury for making meritless claims." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (denying Plaintiff's request to proceed pseudonymously at trial because she put her credibility at issue).  The sixth factor weighs against Plaintiff's confidentiality in this action.

- **Factor 7: Whether the plaintif's identity has thus far been kept confidential**

Plaintiff's identity has never been confidential.  As soon as Doe got Plaintiff Roe out of her dorm room (after he sexually assaulted her), Doe told her roommate, St. John's University, the Paris Campus security guard, the Residence Assistant, the Residence Director, the Paris Campus administrators and the Paris Police.  All of the students participating in the Study Abroad Program were also aware of Doe's allegations against Roe.  Doe was identifying Roe as her assailant and reporting Roe's crime.  Roe was also busy telling people about the incident and calling Doe a "liar" and a "slut."

When the students returned to the St. John's Campus in Queens, they participated in the University's investigation process and a hearing.  Roe's identity was made known to school administrators and members of conduct boards as well as to students who were interviewed as witnesses.  **The only time Plaintiff's identity has been kept confidential is in this lawsuit**.  The seventh factor weighs strongly against Plaintiff's confidentiality in this action.  *See A.B.*,

2018 WL 1935999, at *3 (finding that Plaintiff's identity had not been kept confidential thus far and therefore, the seventh factor weighed strongly against Plaintiff).

- **Factor 8: Whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity**

"Where the litigation involves . . . particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (quoting *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12 Civ. 6152 (VM) (KNF), 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012)). "This factor relates to the 'general presumption that parties' identities are public information,'" *A.B. v. Hofstra Univ.*, No. 217CV5562 (DRH) (AYS), 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018). This action involves particular incidents of sexual assault, a university's response to the allegations of such sexual assaults, and alleged defamation by Doe (one of the sexual assault victims). The eighth factor weighs against Roe's use of a pseudonym.

- **Factor 9: Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities**

The ninth factor also weighs against Plaintiff's use of a pseudonym because the issues presented here are not purely legal in nature. *A.B.*, 2018 WL 1935999, at *3; *Townes*, 2020 WL 2395159, at *6.

- **Factor 10: Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff**

Alternative mechanisms for protecting the confidentiality of a plaintiff include the redaction of documents, sealing, protective orders, and a confidentiality agreement. *See Skyline*

8

*Automobiles Inc.*, 375 F. Supp. 3d at 408.  "If a viable alternative to complete anonymity exists, this factor weighs against a finding for anonymity."  *Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *8 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, 2019 WL 5485210 (S.D.N.Y. Oct. 25, 2019) (citing *Doe v. United States*, 2017 U.S. Dist. LEXIS 83745, at *5, 2017 WL 2389701 (S.D.N.Y. June 1, 2017)).  The only time Plaintiff's identity has been kept confidential is in this lawsuit and there are other means available to seal and protect any confidential information from public disclosure, none of which Plaintiff has attempted to utilize.

All factors weigh against Roe proceeding anonymously in this action.

## CONCLUSION

For the foregoing reasons, Defendant Jane Doe respectfully requests that:

1. Should this Court grant Defendant St. John University's Motion to Dismiss, Defendant Jane Doe respectfully requests that this Court order Plaintiff to proceed under his legal name, and discontinue the action in this Court for lack of supplemental jurisdiction over Defendant Doe, along with any other and/or further relief that this Court deems just and proper; or

2. Should this Court deny Defendant St. John's Motion to Dismiss, Defendant Jane Doe respectfully requests that this Court order Plaintiff to proceed under his legal name and amend the case caption accordingly as well as any other/and or further relief that this Court deems just and proper.

Dated: August 14, 2020  
       New York, New York

Respectfully submitted,

**BAKER HOSTETLER LLP**

*/s Melissa M. Carvalho*
Melissa M. Carvalho, Esq.
Chardaie C. Charlemagne, Esq.
45 Rockefeller Plaza
New York, New York 10111
Tel: 212.589.4200
Fax: 212.589.4201

*Attorneys for Defendant Jane Doe*