# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal?  ☐ Yes  ☐ No |

| **Attorney(s) for Appellant(s):**  ☐ Plaintiff  ☐ Defendant | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| **Attorney(s) for Appellee(s):**  ☐ Plaintiff  ☐ Defendant | Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|---|

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?  ☐ Yes  ☐ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party        ☐ Diversity | ☐ Final Decision        ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party)    ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right    ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- ☐ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☐ Judgment / Decision of the Court
- ☐ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☐ Damages:
  - Sought: $ _____
  - Granted: $ _____
  - Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☐ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright ☐ Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify): Intentional Infliction of Emotional Distress

**3. Contracts**
- ☐ Admiralty/Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7. Will appeal raise constitutional issue(s)?**
- ☐ Yes   ☐ No

Will appeal raise a matter of first impression?
- ☐ Yes   ☐ No

---

1. Is any matter relative to this appeal still pending below?   ☐ Yes, specify: _____   ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal?   ☐ Yes   ☐ No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal?   ☐ Yes   ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

Date:       Signature of Counsel of Record:

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

   **PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

## Addendum A

## Description of Nature of the Action

In the Spring of 2018, plaintiff Roe and defendant Doe were St. John's students participating in a junior year abroad. Upon their first night in Paris, the two were out with other fellow students, and danced together kissing on the dance floor; sometime later, Doe asked Roe to check on her upon his return to the dorm since she was then taking an Uber back. Later back at the dorm, Doe invited Roe into her room and into her bed and "placed his hand upon her breasts." Roe was shocked and immediately withdrew his hand and said he "was not interested in sex". After Roe's rejection, Doe told him to "get the hell out of here!" Doe promptly left.

After this incident, Doe made four complaints against Roe to St. John's pursuant to its student complaint procedure. A St. John's faculty hearing board rejected the three more egregious complaints and suspended Roe based solely on his own "admissions" and on evidence that Doe was intoxicated (the "October finding"). Doe's admissions were that "Doe took his hand and put it upon her breasts," and (b) that he was not drinking. In November 2018, within 30 days of suspending him in the Fall of 2018, St. John's reinstated him for readmission in the Spring of 2019.

On January 4-6, 2019, over 2,000 St. John's female students tweeted that St. John's did not protect its female students from sexual misbehavior and that there were male predator students walking the campus (the "tweet storm"). On January 4, Doe tweeted that Roe had been "only suspended for half a semester after raping her" (the "false tweet"); also, on January 4, a second female ("Smith") brought sexual misconduct allegations against Roe. Within one and half business days after the "tweet storm" and the false tweet, St. John's again suspended Roe, this time without a hearing, and his appeal of the October finding was denied.

1

Thereafter Roe made a complaint to St. John's against Doe alleging the false tweet violated its rules. Although St. John's duly accepted Roe's complaint, it never investigated it. Nevertheless, St. John's assembled a second faculty hearing to review Smith's allegations against Roe over protest by Roe's counsel. He contended that the faculty members would be aware of the false tweet that Roe had raped Doe. They would not know of its falsely since St. John's had not corrected it. Over opposition by Roe the hearing was held.

Roe alleged that Smith had been a visitor at Roe's apartment in December to see one of Roe's roommates with whom she was having an affair. The roommate refused to permit Smith to come to his room because of the presence of another girl. Roe alleged that the intoxicated Smith, thus, went outside on a cold and rainy December night and was sleeping on the concrete patio. After the roommate refused to bring her in, Roe brought her in to sleep on a couch, while Roe sat at the end of the couch. A second roommate was sleeping on another couch a few feet across the room. Roe claims that Smith left in the morning without incident. Smith complained that Doe had digitally penetrated her after tearing her pants, and that he had touched her sexually without permission. The faculty hearing body cleared Roe of digital penetration but did find him guilty of non-consensual sexual contact.

Upon Roe's appeal the faculty board relied upon a false determination that Roe had digitally penetrated the vagina of Smith and permanently expelled him. Thus, St. John's first appeal decision was made after the immediate occurrence of and in response to the tweet storm; its appeal decision on the Smith complaint was erroneously based upon a finding not made by the faculty hearing board.

2

St. John's moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim Judge Chen granted the motion and dismissed the Title IX complaint including, for instance, a finding that:

> In other words, even assuming that the Conduct Board accepted Plaintiff's account of the events, *i.e.*, that Doe had placed Plaintiff's hand on Doe's breast, the Board found that Doe did not, and could not, have done so knowingly and voluntarily due to intoxication, and that Plaintiff, who was "not impaired by alcohol," would have known that. Thus, Plaintiff's facially erroneous allegation about the Conduct Board's reasoning cannot give rise to a plausible inference that SJU's adjudicative process with respect to the Doe complaint was clearly irregular.

**Addendum B**

**The Applicable Standard of Review**

The standard applicable standard of review for all claims is that a complaint must not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**Issues Proposed to Be Raised on Appeal**

1. Does the second amended complaint (the "complaint") state a claim for a prima facie Title IX discrimination based upon gender for St. John's disciplinary action against Roe because of Doe's violation of St. John's rules in taking Roe's hand and placing it upon her breasts?

2. Does the complaint state a claim of breach of contract by Roe against St. John's when it determined that he was guilty of sexual touching when Doe took his hand and put it upon her breasts in her violation of St. John's rules?

The standard of review for a breach of contract claim arising out of an adverse sanction by a school is whether the decision by St. John's that Roe was guilty of sexual touching when Doe took his hand and placed it on her breasts was supported by substantial evidence or was it arbitrary, capricious, or an abuse of discretion?

3. Does the complaint state a claim of Title IV discrimination based upon:

    a) St. John's suspension of Roe without a hearing on the second business day after a "tweet storm" by 2,000 of St. John's women complaining of its indifference to sexual misconduct; and

    b) Its adverse determination of Roe's appeal of the October finding one-and-one half business days after the tweet storm?

4. Does the complaint state a claim for Title IV discrimination for St. John's failure to investigate Roe's claim of Doe's sexual misconduct in her false tweet in violation of St. John's rules?

5. Does the complaint state a claim for violation of due process by St. John's holding a faculty hearing on Smith's claim against Roe without correcting the false tweet?

6. Does the complaint state a claim for St. John's violation due process in expelling Roe upon appeal after falsely finding that the Smith hearing basically had found Roe guilty of digital penetration of Smith's vagina?

7. Does the complaint state a claim under Title IX since Doe created a hostile environment pursuant to St. John's rules which it perpetuated by not investigating or correcting resulted in Roe's expulsion by a faculty hearing board which had reason to believe that Roe was a rapist.